25-1225-cv
N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-six.

PRESENT: DENNIS JACOBS,
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

---------------------------------------------------------------------

NORTH AMERICAN SOCCER
LEAGUE, LLC,

   *Plaintiff-Appellant*,

  v.          No. 25-1225-cv

UNITED STATES SOCCER
FEDERATION, INC., MAJOR
LEAGUE SOCCER, L.L.C.,

   *Defendants-Appellees.*

---------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JEFFREY L. KESSLER, Winston & Strawn LLP, New York, NY (Eva W. Cole, Johanna Hudgens, Mark Edward Rizik, Winston & Strawn LLP, New York, NY, Matthew Pearson, Daniel L. Warshaw, Pearson Warshaw, LLP, Sherman Oaks, CA, *on the brief*) |
| FOR DEFENDANT-APPELLEE UNITED STATES SOCCER FEDERATION, INC.: | SAMIR DEGER-SEN, Latham & Watkins LLP, New York, NY (Christopher S. Yates, Aaron T. Chiu, Latham & Watkins LLP, San Francisco, CA, Gregory G. Garre, Anna M. Rathbun, David L. Johnson, Christina R. Gay, Alexander G. Siemers, Latham & Watkins LLP, Washington, DC, Lawrence E. Buterman, Latham & Watkins LLP, New York, NY, *on the brief*) |
| FOR DEFENDANT-APPELLEE MAJOR LEAGUE SOCCER, L.L.C.: | BRADLEY I. RUSKIN (Kevin J. Perra, John E. Roberts, Scott A. Eggers, Jacob R. Butwin, *on the brief*), Proskauer Rose LLP, New York, NY |

Appeal from a judgment and post-judgment order of the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and post-judgment order of the District Court are AFFIRMED.

Plaintiff North American Soccer League, LLC ("NASL") appeals from the February 3, 2025 judgment of the United States District Court for the Eastern District of New York (Gonzalez, *J.*) dismissing its case after a jury returned a verdict in favor of Defendants United States Soccer Federation, Inc. ("USSF") and Major League Soccer, L.L.C. ("MLS"), and from the May 6, 2025 post-judgment order denying its motion for a new trial. NASL also seeks review of the District Court's June 12, 2024 order granting in part Defendants' motion for summary judgment and motion to exclude expert testimony. This antitrust action arises from USSF's agreement to adopt and enforce the Professional League Standards (the "Standards"), allegedly to exclude NASL and preserve MLS's position in men's top-tier and second-tier professional soccer in the United States. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"Waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (citation modified). The centerpiece of NASL's argument is that it was not required to prove a relevant

3

market to sustain its claims under §§ 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1–2.  As we explain, that argument is waived.

In its summary judgment motion, NASL asserted that if the rule of reason applied it would prove its antitrust claims through expert evidence addressing the market definition.  But this Court had previously held that Defendants' challenged conduct in this case *must* be evaluated under the full rule of reason. *See N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 42 (2d Cir. 2018).  That legal determination governed subsequent proceedings and forecloses NASL's contrary position on appeal.  *See Arizona v. California*, 460 U.S. 605, 618 (1983).  It is true that "findings of fact and conclusions of law made in a preliminary injunction proceeding do not preclude reexamination of the merits at a subsequent trial." *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998).  But "a well-considered conclusion of law by a panel of this Court in a published opinion, which addresses a pure issue of law that cannot be impacted by further development of the record, is binding precedent." *Giambalvo v. Suffolk Cnty.*, 155 F.4th 163, 177 n.4 (2d Cir. 2025).

NASL also repeatedly and affirmatively accepted and proposed the requirement that the jury find a relevant market.  It submitted a proposed verdict

form and joint proposed jury instructions requiring proof of a relevant market for all counts. And during the final pretrial conference, counsel for NASL also stated that "the jury must unanimously find that there is a relevant market in which either the unreasonable restraint of trade or the monopolization took place." App'x 3790.

For these reasons we conclude that, having proposed and endorsed the legal framework it now challenges, NASL waived appellate review of its relevant-market argument. *See United States v. Spruill*, 808 F.3d 585, 597–99 (2d Cir. 2015); *United States v. Quinones*, 511 F.3d 289, 320–23 (2d Cir. 2007).

Both in briefing and at oral argument on appeal, NASL insists that it did not waive the relevant-market argument. At most, NASL claims, it forfeited the argument by failing to object when Defendants proposed, and the District Court accepted, that proof of a relevant market was required. Our conclusion would not change, however, even if we determined that NASL had forfeited the argument and we reviewed for plain error. *See Brenner v. World Boxing Council*, 675 F.2d 445, 456 (2d Cir. 1982). This is because the District Court did not err, much less plainly err, in requiring proof of a relevant market under the rule of

5

reason.  *See Kelco Disposal, Inc. v. Browning-Ferris Indus. of Vt., Inc.*, 845 F.2d 404, 409 (2d Cir. 1988).

To the contrary, as this Court has previously explained, "[r]egulation of league sports is a textbook example of when the rule of reason applies," in part because the challenged agreement could have "a net procompetitive effect, or no competitive effect at all."  *N. Am. Soccer League*, 883 F.3d at 41–42.  "A plaintiff seeking to prove an antitrust violation under the rule of reason must initially show that the challenged action adversely affected competition in the relevant market."  *MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 182 (2d Cir. 2016).  Although direct evidence of anticompetitive effects may in some circumstances reduce the need for precise market definition, the requirement that the restraint be evaluated in a market context remains.  *See Ohio v. Am. Express Co.*, 585 U.S. 529, 543 & n.7 (2018); *1-800 Contacts, Inc. v. FTC*, 1 F.4th 102, 118 & n.11 (2d Cir. 2021).

On the record before us, this case neither falls within any recognized exception to the rule of reason nor merits abbreviated "quick-look" rule of reason analysis.  Nor does this case involve any *per se* categories of unlawful restraint.  *See N. Am. Soccer League*, 883 F.3d at 42; *see also 1-800 Contacts*, 1 F.4th at 114–15.

And NASL did not present the type of direct evidence of actual, sustained anticompetitive effects on competition in the relevant market as a whole, *see 1-800 Contacts*, 1 F.4th at 118 n.11, or claim, before the District Court or now on appeal, that the relevant market is "self-evident," *Choh v. Brown Univ.*, No. 24-2826, 2026 WL 905018, at *2 (2d Cir. Apr. 2, 2026) (summary order); *see FTC v. Ind. Fed'n of Dentists*, 476 U.S. 447, 451, 460–61 (1986); *Catalano, Inc. v. Target Sales, Inc.*, 446 U.S. 643, 647–48 (1980).

Because the rule of reason was the only means by which NASL could prove its § 1 claims, NASL was required to show "actual harm to consumers in the relevant market." *MacDermid*, 833 F.3d at 182; *see Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 53 (2d Cir. 2016) (explaining that the relevant-market analysis is "essential for assessing the potential harm to competition from the defendants' alleged misconduct" (citation modified)). The same principle applies to NASL's § 2 claims, which required proof of monopoly power or a dangerous probability of achieving it within a relevant market. *See Verizon Commc'ns Inc. v. Law Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004); *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 455–56, 459 (1993); *Elecs.*

7

*Commc'ns Corp. v. Toshiba Am. Consumer Prods., Inc.*, 129 F.3d 240, 246 (2d Cir. 1997).

To the extent NASL alternatively argues that the District Court erred by requiring the jury to choose among the specific markets it alleged, that argument is also waived, *see Spruill*, 808 F.3d at 598, and nonetheless fails on the merits because an antitrust plaintiff bears the initial burden of proving anticompetitive harm in the relevant market, *see Am. Express*, 585 U.S. at 541.

At trial, NASL proffered four relevant markets. The jury found that NASL failed to prove any of them. *See* App'x 3700, 3706. That finding is dispositive because proof of a relevant market is an essential element of each of NASL's claims. It follows that any alleged error—whether in the District Court's partial grant of summary judgment in favor of Defendants or in its evidentiary rulings at trial—would warrant reversal only if it could have affected the jury's determination on that element. *See United States v. Prado*, 815 F.3d 93, 100 (2d Cir. 2016).

Even assuming that the District Court erred in granting summary judgment on Count One, that claim required proof of a relevant market. *See MacDermid*, 833 F.3d at 182. The jury's finding that NASL had failed to prove

8

such a market renders any purported error at summary judgment harmless. For the same reason, any purported evidentiary error does not warrant reversal. None of the challenged evidentiary rulings—including the admission of deposition testimony from NASL's former chairman and Chief Executive Officer, the adverse inference instruction, and the exclusion of the McKinsey report, the 2015 proposed amendments to the Standards, and certain damages testimony— bears on the jury's relevant-market finding. NASL effectively concedes that these evidentiary rulings matter only insofar as they could prompt a subsequent appeal if a new trial were ordered and they were repeated. Even if the District Court erred in its evidentiary rulings, any such error was also harmless in view of the jury's verdict.

We also reject NASL's contention that a new trial is necessary. We review the denial of a motion for a new trial for abuse of discretion. *See Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014). As explained, the District Court did not err in concluding that NASL waived its relevant-market argument, that it was nonetheless required to prove a relevant market, and that the jury's verdict foreclosed relief. Because NASL would thus nonetheless be required to prove a

9

relevant market in a subsequent trial, any purported error in the District Court's denial of NASL's motion for a new trial would be harmless.

## CONCLUSION

We have considered NASL's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment and post-judgment order of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10